**Ram MURTI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–73495.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Alan M. Kaufman, Esq., Kaufman Law Office, San Francisco, CA, for Petitioner.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Patricia A. Smith, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM ***

Ram Murti, a native and citizen of India, petitions for review from the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Murti failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Murti, a Hindu Congress-party member, failed to demonstrate that on the single occasion he was arrested, detained and beaten, the Punjab police acted on account of Murti's actual or imputed political opinion. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir. 2004) (holding that legitimate criminal investigation is not persecution on account of an applicant's political opinion). Further-

more, substantial evidence supports the IJ's determination that Murti did not show a well-founded fear of future persecution because he could successfully relocate within India. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir. 2003).

Because Murti failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Lata*, 204 F.3d at 1244.

Murti is ineligible for CAT relief because he has not shown that it is "more likely than not" that he will be tortured if returned to India. 8 C.F.R. § 208.16(c)(2); *see also Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

